1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ORLAN CHARLES HORNE, | ) | Case No. 2:14-cv-00389-APG-NJK |
| Plaintiff(s), | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | PROTECTIVE ORDER AND |
| | ) | COUNTER-MOTION FOR |
| ANDRES N. BERTOTTO S.A.I.C., et al., | ) | SANCTIONS |
| | ) | |
| Defendant(s). | ) | (Docket Nos. 23, 24) |
| | ) | |

16    Pending before the Court is Defendant Andres Bertotto S.A.I.C.'s motion for a protective order.

17 Docket No. 23. Plaintiff filed a response in opposition. Docket No. 24. Defendant failed to file a reply.

18 Also before the Court is Plaintiff's counter-motion for sanctions. Docket No. 24. Defendant failed to

19 file a response in opposition. For the reasons discussed below, the motion for protective order is hereby

20 **DENIED** without prejudice and the counter-motion for sanctions is also **DENIED** without prejudice.

21    This is the second time this motion for protective order has come before the Court. The first time

22 it did so, the Court noted, *inter alia*, that:

23          the grounds on which the motion is based do not appear sufficiently developed. The
            primary contention in the motion is that an "apex" deposition is not proper in this case,
24          but counsel for Defendant Andres Bertotto S.A.I.C. does not even know what position
            Sergio Andres Bertotto holds *with DEFENDANT*. *See* Docket No. 21 at 3 ("The
25          relationship to BERTOTTO S.A.I.C. of the deponents is unclear. It is likely that
            SERGIO ANDRES BERTOTTO is a board member and CEO. However, their specific
26          employment relationship is unknown").

27 Docket No. 22 at 2 n.1. That deficiency remains, as local counsel for Defendant assert that they will not

28 know the position Sergio Andres Bertotto holds with Defendant until Defendant answers Plaintiff's

discovery requests.  *See* Docket No. 23 at 3.  This is ridiculous.  The time for obtaining basic information from counsel's own client is *prior* to the filing of the motion.  *Cf.* Rule 11(b) (requiring reasonable inquiry prior to filing).[1] [2]

Moreover, the other arguments in the moving papers are presented in cursory fashion.  For example, Defendant argues that holding the depositions would require significant expense, without any meaningful elaboration.  *See* Docket No. 23 at 6.  Such boilerplate assertions are insufficient.  *Cf. Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997) (to prevail on an argument for undue burden, the party seeking to avoid discovery must "allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence").  Similarly, Defendant argues that Plaintiff may obtain the information through other, more convenient means without any meaningful elaboration.  *See* Docket No. 23 at 6.[3]

Notwithstanding the deficiencies in Defendant's motion, however, the Court in its discretion will not deny it outright at this time.  In particular, Defendant states that the depositions at issue were set as a means to pressure it into settling this case.  *See* Docket No. 23 at 6.  Without citation, Plaintiff appears to admit that the depositions are being used as a vehicle to pressure settlement, stating that "[t]he aggressive pursuit of discovery in order to 'push the settlement' is indeed a legitimate purpose of discovery."  Docket No. 24 at 3.  This is troubling to the Court.  While Plaintiff confidently makes that pronouncement, he provides no citation to any legal authority that discovery may be used to pressure

---

[1] The Court finds unpersuasive local counsel's assertion that they don't know what position Mr. Bertotto holds exactly, but they are confident it is a position for which the "apex" doctrine applies. *See* Docket No. 23-1 at ¶ 8.  Counsel must obtain basic information from their client prior to filing the motion and the Court will not rely on such speculation.

[2] The motion focuses primarily on Andres Bertotto.  Very little attention is provided with respect to the other deponents.  Once again, however, counsel has filed moving papers without basic knowledge as to those deponents.  *See* Docket No. 23 at 6 ("for Domingo Bertotto and Leticia Bertotto . . . we do not know their specific role if any with the Defendant").

[3] Nor did Defendant respond to Plaintiff's assertion that Defendant has failed to timely respond to written discovery that has been propounded.  *See* Docket No. 24 at 7.  That failure to rebut that argument in a reply brief can be deemed a waiver on the issue.  *See, e.g., Maciel v. Cate*, 731 F.3d 928, 932 n.4 (9th Cir. 2013).

settlement. *See id.* Moreover, the Supreme Court has expressed concern in allowing discovery to be used as a tool to unfairly pressure settlement. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558-559 (2007).

In short, neither party has sufficiently developed their positions to enable the Court to resolve the motion for protective order or the counter-motion for sanctions. Both motions are hereby DENIED without prejudice.[4] The Court will provide the parties one last opportunity to sufficiently brief their motions.[5] To the extent Defendant continues to seek a protective order, it must file a motion for protective order no later than October 28, 2014. That motion must be supported by specific facts properly submitted to the Court, as well as appropriate legal citation. Any renewed motion without sufficient factual support (*e.g.*, a declaration attesting to the deponents' positions with Defendant) will be denied outright. Plaintiff's response and any counter-motion must be filed no later than November 4, 2014. Plaintiff's response and any counter-motion must be supported by sufficient facts, as well as citation to case authority showing that it is proper to notice depositions of foreign nationals for the purpose of pressuring settlement. Defendant shall file any reply and, if a counter-motion is filed, any response no later than November 10, 2014. Any reply to the counter-motion shall be filed no later than November 14, 2014. The Court hereby **CAUTIONS** Defendant that the failure to respond to any argument through a reply can be construed as forfeiting responsive arguments and that the failure to respond to a counter-motion may be deemed consent to the granting of the counter-motion.

IT IS SO ORDERED.

DATED: October 21, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[4] Although the Court does not rule definitively on the counter-motion for sanctions, the Court notes that Plaintiff argues that sanctions are appropriate for non-appearance at a deposition when "[n]o protective order [is] in place." *See* Docket No. 24 at 8. That argument is plainly wrong. *See* Fed. R. Civ. P. 37(d)(2) (a failure to attend a deposition can be excused where the "party failing to act has a *pending motion* for a protective order" (emphasis added)).

[5] Of course, counsel is encouraged to confer to attempt to resolve the issue without further Court involvement.