**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ORLAN CHARLES HORNE,

Plaintiff,

v.

ANDRES N. BERTOTTO, S.A.I.C. and
HIDRO GRUBERT U.S.A., INC.,

Defendants.

Case No. 2:14-cv-00389-APG-NJK

**ORDER DENYING SUMMARY
JUDGMENT AND GRANTING
MOTION TO STRIKE**

(Dkt. #26, #31)

Plaintiff Orlan Charles Horne previously obtained a default judgment against defendant Hidro Grubert U.S.A., Inc. ("HG USA") for over $5 million in a Nevada state court lawsuit. Horne subsequently brought this lawsuit against HG USA and defendant Andres N. Bertotto, S.A.I.C. ("ANB"). Horne alleges ANB is the alter ego of HG USA and thus should be liable for the default judgment.

Horne moves for summary judgment, arguing the two companies shared officers, ANB trademarked the name Hidro Grubert in the United States, the two companies share the same business address in Argentina, and HG USA let its corporate charter lapse. He therefore argues no genuine issue of material fact remains that the two companies are alter egos. ANB responds that the evidence does not support a finding there was a unity of ownership. ANB also argues Horne has not shown that adhering to corporate separateness would sanction a fraud or promote injustice.

Horne moves to strike the interrogatory responses attached to ANB's opposition, arguing they were not timely and were not previously served on him. ANB responds that it is difficult to quickly obtain signed documents because ANB is located in Argentina. ANB also argues the responses were served through the court's electronic filing system when ANB filed its opposition.

**I. BACKGROUND**

Horne obtained a default judgment in Nevada state court on January 29, 2010 against HG USA in the amount of $5,169,829.15. (Dkt. #26 at 29-30.)  In this lawsuit, Horne seeks to hold ANB liable as HG USA's alter ego.  As evidence of alter ego status, Horne presents the following:

• An undated and unauthenticated insurance policy obtained by ANB listing HG USA as an insured sales representative of ANB. (*Id.* at 16.)

• A trademark application dated June 10, 1996 made by ANB seeking to trademark "Hidro-Grubert" in the United States. (*Id.* at 37-40; Dkt. #26-1 at 1-5.)

• An untranslated document in Spanish that appears to be ANB's application to trademark the name HIDROGRUBERT in Argentina. (Dkt. #26-1 at 7-9.)

• Documents from Florida's Secretary of State showing that:

    • HG USA was incorporated in Florida on August 13, 1996. (*Id.* at 13.)

    • Pursuant to the Articles of Incorporation, HG USA's principal address was in Miami, Florida. (*Id.* at 14.)

    • Sergio Andres Bertotto was HG USA's president and director. (*Id.* at 15, 21.)

    • Domingo Bertotto was HG USA's treasurer. (*Id.* at 21.)

    • Leticia Bertotto was HG USA's secretary. (*Id.* at 26.)

• An unauthenticated printout that appears to be from the Florida Department of State, Division of Corporations showing HG USA dissolved in September 2008. (Dkt. #26-2 at 4.)

• Untranslated Spanish printouts from the website www.hidrogrubert.com that refer to ANB and "HIDRO-GRUBERT." (Dkt. #26-3 at 13-17.)

ANB initially provided unsigned interrogatory responses in support of its opposition to Horne's summary judgment motion. (Dkt. #28.)  A few days later, ANB filed a supplement attaching signed interrogatory responses. (Dkt. #29.)

////

////

## II. DISCUSSION

### A. Motion to Strike

Horne moves to strike the signed interrogatory responses arguing that ANB did not timely respond to Horne's discovery request and ANB failed to request leave to file the supplemented responses late. Horne granted ANB an extension to respond by October 3, 2014, but ANB did not respond until it filed the supplement on November 5, 2014. Horne further contends the interrogatory responses were not served on him prior to being filed as the supplement.

ANB responds that the supplement merely adds the signature to the interrogatories and does not otherwise alter the substance of its opposition to Horne's summary judgment motion. ANB argues that because it is headquartered in Argentina, it is difficult to obtain sworn statements. Finally, ANB contends the responses were served through the court's electronic case filing system when ANB filed the supplement.

Federal Rule of Civil Procedure 33 permits a party to serve interrogatories on other parties and provides that the responding party "must serve its answers and any objections within 30 days after being served with interrogatories." Fed. R. Civ. P. 33(a) & (b)(2). Pursuant to Rule 37(d)(1) and (3), I may impose sanctions authorized under Rule 37(b)(2)(A)(i)-(vi) on a party who fails to respond to interrogatories.

Horne granted ANB an extension of time to respond to interrogatories until October 3, 2014. (Dkt. #31 at 6.) ANB did not respond by that date and there is no evidence ANB requested another extension. Instead, ANB filed signed interrogatories in the electronic case filing system a month after the extension deadline and several weeks after the dispositive motion deadline. ANB's only explanation is that it is difficult to obtain sworn statements from the client in Argentina. ANB provides no evidence to support a finding that it did not have adequate time to obtain signed interrogatories from Argentina. Moreover, ANB does not explain why it did not seek another extension when it became apparent it would not meet the October 3 deadline. In light of these circumstances, I grant Horne's motion and preclude ANB from introducing the

interrogatory responses into evidence to support its opposition to summary judgment. Fed. R. Civ. P. 37(b)(2)(A)(ii).

**B.  Motion for Summary Judgment**

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

To determine alter ego liability, I apply the law of the forum state: Nevada. *In re Schwarzkopf*, 626 F.3d 1032, 1037-38 (9th Cir. 2010).  The alter ego doctrine is an exception to Nevada's "general rule recognizing corporate independence." *Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 189 P.3d 656, 660 (Nev. 2008) (quotation omitted).  To establish alter ego liability:

> (1) The corporation must be influenced and governed by the person asserted to be its alter ego[;] (2) [t]here must be such unity of interest and ownership that one is inseparable from the other; and (3) [t]he facts must be such that adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice.

////

////

*Ecklund v. Nev. Wholesale Lumber Co.*, 562 P.2d 479, 479-80 (Nev. 1977) (quotation omitted). The party seeking to establish alter ego liability must show each of these elements by a preponderance of the evidence. *Id.* at 480.

### 1. Influence

Horne argues ANB influenced and governed HG USA because both companies were run by Sergio Andres Bertotto, Leticia Bertotto, and Domingo Bertotto. Horne presents no evidence these three individuals are owners or officers of ANB. Horne's motion cites to docket numbers 21 and 23 for this proposition. But ANB's counsel states in those documents that the "relationship to [ANB] of the deponents is unclear." (Dkt. #21 at 3.) According to him, it is "likely" that Sergio Andres Bertotto is a board member and CEO of ANB but it remained unclear whether Leticia Bertotto and Domingo Bertotto were ANB employees. (*Id.* at 3, 5; Dkt. #23-1 at 3.) Even if these three individuals were board members or owners of both companies, the "mere fact" of common ownership, "while relevant, is insufficient to show that the Nevada firm was influenced and governed by the [Argentina] firm." *Truck Ins. Exch.*, 189 P.3d at 660-61.

### 2. Unity of Interest

To evaluate whether there is a unity of interest, I consider factors such as "commingling of funds, undercapitalization, unauthorized diversion of funds, treatment of corporate assets as the individual's own, and failure to observe corporate formalities." *Lorenz v. Beltio, Ltd.*, 963 P.2d 488, 497 (Nev. 1998). "No one of these factors alone is determinative to apply the alter ego doctrine." *Id.*

Horne has presented no evidence the two companies intermingled funds. The only evidence on this point shows HG USA paid the Florida Secretary of State out of HG USA's own bank account drawn on a bank located in Miami, Florida. (Dkt. #26-3 at 3.) Horne presents no evidence HG USA was undercapitalized other than the fact that the company ultimately dissolved after over 10 years of existence. He presents no evidence ANB treated HG USA's assets as its own. And he presents no evidence ANB and HG USA failed to observe corporate formalities.

////

Instead, Horne relies on an undated and unauthenticated insurance policy where ANB added HG USA as an additional insured. Even if I considered this evidence, that one company includes another as an additional insured on a policy does not support a finding of alter ego. Likewise, that ANB applied for the "Hidro-Grubert" trademark in the United States does not support a finding that ANB and HG USA are alter egos without further information regarding agreements between the two companies about the trademark's use. Finally, Horne relies on his assertion that the two entities shared office space in Argentina, but the evidence shows HG USA operated out of a Miami, Florida address. (*See, e.g.*, Dkt. #26-2 at 4, 29; Dkt. #26-3 at 1-9.)

### 3. Fraud or Injustice

Horne argues failing to disregard corporate separateness would sanction fraud or promote injustice because HG USA has dissolved and apparently cannot satisfy the default judgment. The mere fact that HG USA cannot satisfy a judgment against it is insufficient, however, to establish this element. Horne has presented no evidence that the corporate form was a sham or was abused. *See, e.g.*, *LFC Mktg. Group, Inc. v. Loomis*, 8 P.3d 841, 847 (Nev. 2000) (holding that "carefully designed business arrangements . . . contributed to the . . . inability to collect the[] judgment"); *Polaris Indus. Corp. v. Kaplan*, 747 P.2d 884, 888 (Nev. 1987) (finding injustice where officers treated corporate funds as their own and withdrew money from the corporation for their personal use instead of paying corporate debts).

### 4. Summary

Horne has not met his initial burden under Rule 56 of demonstrating no issue of fact remains such that he is entitled to judgment as a matter of law. Accordingly, I deny his motion for summary judgment.

## III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Orlan Charles Horne's motion for summary judgment (Dkt. #26) is DENIED.

////

////

1       IT IS FURTHER ORDERED that plaintiff Orlan Charles Horne's motion to strike (Dkt.

2  #31) is GRANTED.

3       DATED this 13th day of May, 2015.

                                        _____

                                        ANDREW P. GORDON
                                        UNITED STATES DISTRICT JUDGE